IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01977-BNB

STEVEN KELLY KEVIN JONES,

    Plaintiff,

v.

THE CITY AND COUNTY OF DENVER,
THE DENVER POLICE DEPT. DET. JOHN DONOHUE #0047,
THE DENVER SHERIFF DEPT. UNDERSHERIFF GARY WILSON, and
THE DISTRICT ATTORNEY'S OFFICE MITCHELL MORRISSEY #13784,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Steven Kelly Kevin Jones, has filed *pro se* a Complaint (ECF No. 1) asserting claims of false arrest, false imprisonment, and malicious prosecution. The court must construe the Complaint liberally because Mr. Jones is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Jones will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

    The court has reviewed the Complaint and finds that the Complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See*

*Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.,* 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Jones alleges in the Complaint that he was illegally detained for ninety-seven days after he was falsely arrested on October 29, 2011. However, he fails to provide a short and plain statement of the grounds for the court's jurisdiction in this action. In other words, Mr. Jones fails to identify the statutory authority that allows the court to consider the claims he is asserting against Defendants.

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Construing the Complaint liberally, it appears that Mr. Jones is asserting constitutional tort claims pursuant to 42 U.S.C. § 1983, which "provides a federal cause of action

against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). If Mr. Jones is asserting claims pursuant to § 1983, the court has subject matter jurisdiction over those claims pursuant to 28 U.S.C. § 1331 and 1343(a)(3). However, if Mr. Jones intends to assert jurisdiction pursuant to some other statutory authority, he must identify that statutory authority in his amended complaint.

Mr. Jones also fails to provide a short and plain statement of his claims showing that he is entitled to relief because he fails to identify, clearly and concisely, the specific claims he is asserting against each Defendant and what each named Defendant did that allegedly violated his rights. In order to state a claim in federal court, Mr. Jones "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Furthermore, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

The court emphasizes that personal participation is an essential allegation in a § 1983 action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Jones must show that each Defendant caused the

deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  To the extent Mr. Jones may name a supervisory official as a defendant, the court notes that a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).  Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."  *Id*. at 1199.

Finally, because Mr. Jones has named the City and County of Denver as a Defendant, the Court notes that a municipality also may not be held liable on a theory of respondeat superior.  *See Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978).  In order to state a claim against the City and County of Denver, Mr. Jones must identify a municipal policy or custom that caused the alleged violations of his rights.

*See Dodds*, 614 F.3d at 1202 (discussing Supreme Court standards for municipal liability). Accordingly, it is

ORDERED that Mr. Jones file, **within thirty (30) days from the date of this order**, an amended Complaint as directed in this order. It is

FURTHER ORDERED that Mr. Jones shall obtain the court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Jones fails to file an amended Complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED August 13, 2012, at Denver, Colorado.

BY THE COURT:


  s/ Craig B. Shaffer
United States Magistrate Judge